## IN RE JENNIFER P.*
(6661)

DUPONT, C. J., DALY and STOUGHTON, Js.

Argued December 20, 1988—decision released January 31, 1989

*Jeffrey D. Ginzberg,* for the appellant (petitioner).

*Diane W. Whitney,* assistant attorney general, with whom were *Sonia Stoloff,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, and *John R. Whelan,* assistant attorney general, for the appellee (respondent department of children and youth services).

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

PER CURIAM. This appeal presents the question whether a former foster parent has standing to seek visitation rights under General Statutes § 46b-59.[1] The trial court held that a former foster mother does not have standing. We find error and remand for further proceedings.

This appeal is controlled by *Michaud* v. *Wawruck,* 209 Conn. 407, 551 A.2d 738 (1988), and *Temple* v. *Meyer,* 208 Conn. 404, 544 A.2d 629 (1988). In *Temple,* our Supreme Court upheld the right of a third party to seek visitation under § 46b-59. In *Michaud,* the court reiterated the significance of § 46b-59, as previously set forth in *Temple.* These cases make it clear that § 46b-59 is an encompassing, not limiting, statute. The statute " 'leaves great latitude for the exercise of judicial discretion because it does not focus on the legal relationship of the parties involved. . . . The only criterion under § 46b-59 is the best interest of the child." *Temple* v. *Meyer,* [supra,] 410." *Michaud* v. *Wawruck,* supra, 414. Moreover, this statute is not limited to use in dissolution actions only. See *Temple* v. *Meyer,* supra (action for visitation rights brought pursuant to § 46b-59 and was not incident to a dissolution action).

---

[1] General Statutes § 46b-59 provides: "The superior court may grant the right of visitation with respect to any minor child or children to any person, upon an application of such person. Such order shall be according to the court's best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable, provided the grant of such visitation rights shall not be contingent upon any order of financial support by the court. In making, modifying or terminating such an order, the court shall be guided by the best interest of the child, giving consideration to the wishes of such child if he is of sufficient age and capable of forming an intelligent opinion. Visitation rights granted in accordance with this section shall not be deemed to have created parental rights in the person or persons to whom such visitation rights are granted. The grant of such visitation rights shall not prevent any court of competent jurisdiction from thereafter acting upon the custody of such child, the parental rights with respect to such child or the adoption of such child and any such court may include in its decree an order terminating such visitation rights."

Section 46b-59 is a third party visitation statute that can be invoked by persons who do not share a blood or legal relationship with a child. *Temple* v. *Meyer,* supra.[2] Visitation will be granted under the statute only when it is in the best interest of the child.

There is error, the judgment is set aside and the case is remanded to the trial court for a hearing on the merits of the application for visitation.

---

[2] The fact that the department of children and youth services has custody of the minor child does not alter our conclusion.

