[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS #102
CT Page 13360
On August 7, 1995, the plaintiffs, Jean and Julius Castagno ("maternal grandparents") filed a complaint against the defendants, Tina and William Wholean ("parents"), seeking reasonable rights of visitation with the parent's three children.
Thereafter, on September 22, 1995, the parents filed a motion to dismiss the maternal grandparents' complaint, on the ground that the court lacks subject matter jurisdiction over the within matter, because the grandparents enjoy no common law right to visitation with their children, and there is no statutory basis for such visitation. Additionally, the parents filed a memorandum of law in support thereof, as well as two affidavits swearing that they: are not a party to any dissolution of marriage, legal separation or annulment action before the superior court; are not a party to any action before the superior court involving custody of their minor children; are not separated from one another; and that neither parent is deceased.
In response, on October 11, 1995, the maternal grandparents filed a memorandum of law in opposition to the parents' motion to dismiss. Thereafter, on October 13, 1995, the parents filed a supplemental memorandum of law.
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot, as a matter of law and fact, state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Ambroise v. William RaveisReal Estate, Inc., 226 Conn. 757, 764-65, 628 A.2d 1303 (1993). Jurisdiction of the subject matter is a question of law which cannot be waived or conferred by consent and, where a court discovers that it has no jurisdiction, it is bound to dismiss the case. In re Judicial Inquiry No. 85-01, 221 Conn. 625, 629,605 A.2d 545 (1992).
The parents argue that the court is without subject matter jurisdiction over the within matter because third parties have no common law right to visitation with children not their own, and the present case does not fall within the purview of any of the three Connecticut statutes which confer third party visitation CT Page 13361 rights, because there has been no death or de facto separation among the parents. Additionally, the parents argue that even if General Statutes § 46b-59 is found by the court to apply to the present matter, said statute is unconstitutional. In response, the maternal grandparents argue that they have standing to bring a claim for visitation under General Statutes §46b-59, because said statute contains no language limiting its scope to situations wherein one or both of the parents of the subject child have died or wherein the parents of the subject child have separated de facto. Moreover, the maternal grandparents argue, a number of appellate decisions have affirmed the standing of various persons to seek visitation under General Statutes §46b-59, regardless of whether the parents of the children were separated or dead.
The maternal grandparents are correct in their assertion that appellate court decisions have recognized a right among third parties, including grandparents, to seek visitation with the children of others pursuant to General Statutes § 46b-59. See, e.g., Temple v. Meyer, 208 Conn. 404, 544 A.2d 629 (1988) (former boyfriend, who originally brought action seeking custody of former girlfriend's child, mistakenly believed to be his, permitted to amend claim to one seeking visitation with child)iMichaud v. Wawruck, 209 Conn. 407, 551 A.2d 738 (1988) (genetic mother of child permitted visitation with child following child's adoption, because written visitation agreement between genetic mother and adoptive parents did not violate public policy); In reJennifer P., 17 Conn. App. 427, 553 A.2d 196, cert. denied,211 Conn. 801, 559 A.2d 1136 (1989) (former foster parent permitted to seek visitation under General Statutes § 46b-59; said statute is not limited to use in dissolution actions only).
However, the maternal grandparents are incorrect in their assertion that these cases stand for the proposition that such visitation may be granted to third parties regardless of whether the natural parents of the child are dead or separated de facto, because none of the cases specifically addressed the issue. SeeLehrer v. Davis, 214 Conn. 232, 571 A.2d 691 (1990) (holding only that the constitutionality of General Statutes § 46b-59
should not be determined in a factual vacuum; thus, the Court's conclusion that "the custodial rights of an intact family do not automatically preclude the visitation rights of grandparents" constitutes dicta). Thus, in order to determine whether General Statutes § 46b-59 may properly be applied to the circumstances of the within case, the court must consult the CT Page 13362 statute itself.
The construction and interpretation of a statute presents a question of law for the court. Southington v. State Board ofLabor Relations, 210 Conn. 549, 559, 556 A.2d 166 (1989). When interpreting a statute, the words used therein shall be construed according to their commonly approved usage; Cos Cob VolunteerFire Co. No. 1, Inc. v. FOIC, 212 Conn. 100, 105, 561 A.2d 429
(1989); and, where the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the court and the statute must be applied as its words direct.Kilduff v. Adams Inc., 219 Conn. 314, 336, 593 A.2d 478 (1991);Kelemen v. Rimrock Corp., 207 Conn. 599, 606, 542 A.2d 720
(1988). Additionally, where the language of a statute is clear and unambiguous, courts may not by construct on supply omissions in a statute, or add exceptions, merely because it appears to them that good reasons exist for doing so. Simko v. Zoning Boardof Appeals, 205 Conn. 413, 418, 533 A.2d 879 (1987). Finally, the General Assembly is presumed to know all the existing statutes, and the effect that its action or inaction will have upon any one of them, and is presumed to have intended the result that its action or inaction produces. Plourde v. Liburdi, 207 Conn. 412,417, 540 A.2d 1054 (1988).
Where a statute is unclear and ambiguous, however, the court must engage in statutory construction, which requires the court to ascertain the intent of the legislature and construe the statute in a manner that effectuates that legislative intent. AllBrand Importers, Inc. v. Department of Liquor Control, 213 Conn. 184,194, 567 A.2d 1156 (1989). "In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." FordMotor Credit Co. v. B.W. Beardsley, Inc., 208 Conn. 13, 20,542 A.2d 1159 (1988). Statutes must be construed, if possible, in a manner that avoids absurdity and mischief; King v. Board ofEducation, 203 Conn. 324, 333, 524 A.2d 1131 (1987); and in a manner that will not thwart the statute's purpose. BuildersService Corp. v. Planning Zoning Commission, 208 Conn. 267,276, 545 A.2d 530 (1988).
In the interpretation of a statute, a radical departure from an established policy cannot be implied; rather, such a departure must be expressed in unequivocal language. Nor'easter Group, Inc.v. Colossale Concrete, Inc., 207 Conn. 468, 481, 542 A.2d 692
(1988). Thus, when two constructions of a statute are possible, CT Page 13363 the court will adopt the one which makes the statute effective, reasonable and workable, rather than the one leading to difficult and bizarre results. Turner v. Turner, 219 Conn. 703, 713,595 A.2d 297 (1991); State v. Uretek, Inc., 207 Conn. 706, 719,543 A.2d 709 (1988). In seeking to discern the intent of the legislature, the court looks to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same subject matter. Lauer v.Zoning Commission, 220 Conn. 455, 460, 600 A.2d 310 (1991).
Connecticut has three statutes which refer to third party visitation: General Statutes § 46b-56, which applies in actions brought for dissolution of marriage, legal separation and annulment; General Statutes 46b-57, which allows for third party intervention in custody actions; and General Statutes § 46b-59, which appears to provide for third party visitation upon application to the Superior Court, where no action involving the child is pending. Specifically, General Statutes § 46b-59
provides, in pertinent part, as follows:
 The superior court may grant the right of visitation with respect to any minor child or children to any person, upon an application of such person. Such order shall be according to the court's best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable,. . . . In making, modifying or terminating such an order, the court shall be guided by the best interest of the child
. . . .
Unlike General Statutes § 46b-56 and § 46b-57, §46b-59 does not contain the introductory words "In any controversy before the superior court. . . ." Thus, it is unclear what — if any — jurisdictional threshold requirements exist under the statute. Accordingly, the court will consult the legislative history of the statute.
General Statutes § 46b-59 derives from Judiciary Committee Bill No. 48, as amended, entitled "An Act Concerning CT Page 13364 Visitation Rights of Grandparents in Case of Death or Separation," P.A. No. 78-69. In summarizing Bill No. 48, State Senator DePiano explained that the purpose of the bill was to protect children "when a break-up occurs between the two parents." 21 S. Proc., Pt. 2, 1978 Sess., p. 765. See ManchesterSand Gravel Co. v. South Windsor, 203 Conn. 267, 275,524 A.2d 621 (1987) ("[t]he statement of the legislator who reported the bill out of committee carries particular weight and deserves careful consideration"). Additionally, Senator Guidera further explained that the purpose of the bill is to extend the law to cover situations, in addition to actions for divorce and legal separation where "the parties just split up and they begin no divorce action and they begin no action for legal separation." 21 S. Proc., Pt. 2, 1978 Sess, p. 768-69.
Thereafter, in 1979, General Statutes § 46b-59 was amended by "An Act Concerning Visitation Rights of Grandparents," P.A. No. 79-8, to clarify that visitation was not contingent upon support orders. Additionally, in 1983, the statute was amended by "An Act Concerning Visitation Rights," P.A. No. 83-95, to replace "grandparents" with "any person." These amendments rendered General Statutes § 46b-59 consistent with General Statutes §§ 46b-56 and 46b-57, the two other statutory provisions providing for third party visitation rights.
 SUMMARY: This act allows the courts to grant visitation rights to any person, if equitable and in the child's best interest. Prior statute allowed the courts to grant visitation rights [only] to grandparents unless the matter was already before the court in which case the judge could grant visitation rights to anyone, if equitable and in the child's best interests.
(Emphasis added.) P.A. 83-95-sHB 5105, Judiciary Committee.
As noted above, General Statutes §§ 46b-56 and 46b-57
expressly mandate threshold requirements prior to the court assuming jurisdiction over visitation, while General Statutes § 46b-59 does not. However, in light of the legislative history set forth above, in light of the fact that "[the legislature is always presumed to have created a harmonious and consistent body of law"; Dart V. Bogue Co. v. Slosberg, 202 Conn. 566,575, 522 A.2d 763 (1987); and in light of the fact that to allow any third party, including grandparents, to sue intact CT Page 13365 families for visitation with their children without any prerequisite serving to protect the parents' rights would lead to bizarre results, the court finds that General Statutes § 46b-59
is consistent with the rest of Connecticut's statutory scheme in this area only if the threshold jurisdictional requirements of death or de facto separation are found to exist.
In the present case, it is undisputed that the parents of the subject children are not in the process of obtaining a divorce, separation or annulment. Additionally, it is undisputed that neither of the parents has died, and that no de facto separation has occurred. Rather, the parents and their children constitute an intact, nuclear family. Accordingly, the court finds that the maternal grandparents may not seek visitation rights with the children pursuant to General Statutes § 46b-59, under the facts of the present case. The court need not, and declines to, reach the issue of whether said statute is constitutional.
The parents' motion to dismiss the maternal grandparents' complaint is hereby granted.
BY THE COURT,
HIGGINS, J.