[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 11, 1996
The issue to be decided by this motion is whether or not a former boyfriend, who is not the biological, adoptive, foster or putative father, has standing to bring a motion for visitation in accordance with Connecticut General Statutes § 46b-59. No Appellate Court has rendered a decision on this issue.
FACTS CT Page 5578-JJJJJ
The plaintiff has filed this application seeking visitation with minor children in accordance with Connecticut GeneralStatutes § 46b-59 which states "The superior court may grant the right of visitation with respect to any minor child or children to any person, upon an application of such person." The plaintiff claims that he is "any person."
The evidence revealed that the plaintiff and the defendant resided together as boyfriend and girlfriend for a number of years. They no longer reside together. Both are over 16 years of age. The plaintiff and the defendant were not married to each other. They had no children issue of their relationship. The defendant was married and from that relationship had two minor children. She was awarded custody of those two children in a Connecticut dissolution of marriage action. Those children are the subject of this visitation motion.
The parties resided together with the two minor children. During that time the plaintiff paid for certain expenses of the children and developed a personal relationship with them. Since the parties have separated the plaintiff claims that he has had a continuing relationship with the children including visiting the children from time to time. He files this application pursuant to C.G.S. § 45b-59 seeking a formal order of visitation. CT Page 5579
The court sua sponte raised the issue as to whether or not the plaintiff has standing under the statute to bring such an application. The matter was continued. The parties then filed memoranda of law and argued the standing issue before the court.
DISCUSSION OF LAW
The plaintiff admits that he is not the biological father of the two minor children. He is not the adoptive or foster parent of the minor children. The plaintiff also admits that he is not the putative father of the two minor children. The plaintiff claims that he is entitled to visitation and has standing to make that claim of visitation by reason of a legislative enactment, Connecticut General Statutes § 46b-59, since he is "any person."
C.G.S. Section 46b-59 was created in 1978 by P.A. 78-69. The initial legislative intent was to provide visitation rights to grandparents when no action between the parents was pending. In 1979 the statute was amended specifying that the grant of visitation rights would not be contingent upon any order for financial support. P.A. 79-8. In 1983 the statute deleted the provisions regarding visitation rights of grandparents and permitted the court to grant the right of visitation to "any person." P.A. 83-95. Since 1983 the statute has not been amended. No Appellate Court has decided the specific issue raised in this case.
C.G.S. Section 46b-56 is the general authority for the Superior Court in actions for dissolution of marriage, legal separation and annulment to make orders concerning the care, custody and visitation of minor children. That statute extends the court's authority to enter orders to a third person. "The court may also make any order granting the right of visitation of any child to a third party, including by not limited to, grandparents." Connecticut General Statutes § 46b-56(a).
Visitation under the statute is not limited to kinship, party status or blood relationship.
The Superior Court also has the statutory authority to enter visitation orders in the context of family violence. "The court, in its discretion, may make such orders as it deems appropriate for the protection of the applicant and such dependent children or other persons as the court sees fit. Such order may include CT Page 5580 temporary child custody or visitation rights. . ." C.G.S. Section46b-15(b). By statute, this relief can only be sought by a "family or household member as defined in 46b-38a." "Family or household member means (A) spouses, former spouses; (B) parents and their children; (C) persons eighteen years of age or older related by blood or marriage; (D) persons sixteen years of age or older other than those persons in subparagraph (C) presently residing together or who have resided together; and (E) persons who have a child in common regardless of whether they are or have been married or have lived together at any time." C.G.S. Section46b-38a(2). It would appear that the parties' relationship is set forth in subparagraph (D) above and that the parties are not "family or household members" in accordance with the other four subparagraphs of § 46b-38a(2).
The standard concerning the making and modifying of any order with respect to custody or visitation is the best interests of the child. Connecticut General Statutes § 46b-56(b). It has been held that the court's discretion in custody and visitation matters is without any specific guidelines other than the best interests of the child. Seymour v. Seymour, 180 Conn. 705, 710
(1980). "We continue to adhere to the view that the legislature was acting wisely in leaving the delicate and difficult process of fact finding in family matters to flexible, individualized adjudication of the particular facts of each case without the constraint of objective guidelines." Seymour v. Seymour, supra,
710.
The issue raised by this court sua sponte is standing. "Standing has jurisdictional implications." Middletown v.Hartford Electric Light Co., 192 Conn. 591, 595 (1984). "Standing focuses on whether a party is the proper party to request adjudication of the issues. . . It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion." Figueroa v. CS Ball Bearing, 237 Conn. 1,7, fn. 8 (1996). The lack of standing impacts subject matter jurisdiction. Serrani v. Board of Ethics, 225 Conn. 305, 308
(1993).
Lack of subject matter jurisdiction may be raised at any point in the proceedings, including during trial, post judgment, or by an Appellate Court. Kolenberg v. Board of Education,206 Conn. 113, 124 (1988). It is proper for the court to raise subject matter jurisdiction sua sponte at any time. Kolenberg v.CT Page 5581Board of Education, supra, 124; Manley v. Pfeiffer, 176 Conn. 540,545 (1979); Manafort Bros., Inc. v. Kerrigan, 154 Conn. 112,114 (1966). The parties cannot waive a showing that the plaintiff has standing because, in the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case.Tomlinson v. Board of Education, 226 Conn. 704, 717-18 (1993).
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he (or she) has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . ." (Citations omitted; internal quotation marks omitted); Sadloski v. Manchester, 228 Conn. 79, 84 (1993); UnisysCorp. v. Department of Labor, 220 Conn. 689, 693 (1991).
In habeas corpus actions our Supreme Court has in the past held that only parents or legal guardians of a child have standing to seek habeas corpus relief. Doe v. Doe, 163 Conn. 340,345 (1972). In Doe the plaintiff was denied standing to seek visitation by habeas corpus since he was not the child's parent or legal guardian. Standing was denied even though the plaintiff had lived with the child and her mother for ten years, had financially supported them and had extensive contact and emotional ties with the child. So too foster parents were denied standing to raise in a habeas corpus petition custody and visitation issues under C.G.S. § 52-466. Nye v. Marcus,198 Conn. 138, 144, 146 (1985). Of note is the fact that the plaintiff in this case did not file a petition for habeas corpus but utilized the "any party" visitation statute, C.G.S. §46b-59, which was promulgated by the legislature after the Supreme Court's decision in 1972 in Doe v. Doe.
There are four appellate decisions that have discussed standing issues relevant to that raised in this motion. Temple v.Meyer, 208 Conn. 404 (1988), involved a factual pattern similar to this instant case. The plaintiff sought visitation under C.G.S. § 46b-59 of his former live-in girlfriend's minor CT Page 5582 child. The plaintiff had lived with the defendant mother at the time of the minor child's birth and was listed as the father on the birth certificate. A later blood test confirmed that the plaintiff was not the biological father. Visitation was denied on the basis of the best interests of the child. At no time did the parties, the trial court nor the Supreme Court raise the issue of standing.
 We recognize that third-party visitation statutes are relatively new and have been the subject of little judicial construction. Our statute leaves great latitude for the exercise of judicial discretion because it does not focus on the legal relationship of the parties involved. Although other jurisdictions have granted visitation to parties who share a blood or legal relationship with the child; see Bryan v. Bryan, 132 Ariz. 353, 359, 645 P.2d 1267 (1982) (stepparent and child); Looper v. McManus, 581 P.2d 487, 489 (Okla.App. 1988) (grandparents, former stepmother and child); Spells v. Spells, 250 Pa. Super. 168, 175, 378 A.2d 879 (1977) (stepfather and children); our statute is not so limited. The only criterion under § 46b-59 is the best interest of the child.
Temple v. Meyer, supra, 409-10.
Michaud v. Wawruck, 209 Conn. 407 (1988), was a specific performance action by the genetic mother to enforce an open adoption and visitation agreement with the defendants, the adoptive parents. The Supreme Court held that public policy does not forbid an agreement about visitation rights between a genetic parent and adoptive parents so long as the best interests of the child is the determinative criterion. The court found the legislative enactment of C.G.S. § 46b-59 significant and indicated in essence all the plaintiff was seeking is "a court order consistent with the statutory constraints imposed on visitation by § 46b-59. In light of these statutes, we are unpersuaded that the agreement between the parties in this case violates the public policy of Connecticut. It would be elevating form over substance to allow the plaintiff to obtain visitation rights by filing an appropriate `application' in the Superior Court, but to deny her the opportunity to seek such rights under a contractual umbrella." Michaud v. Wawruck, supra, 414. CT Page 5583
The Appellate Court confirmed, under a different fact pattern, Temple v. Meyer and Michaud v. Wawruck in the 1989 decision In re Jennifer P., 17 Conn. App. 427 (1989), cert. denied, 211 Conn. 801 (1989). "Section 46b-59 is a third-party visitation statute that can be invoked by persons who do not share a blood or legal relationship with a child." In re JenniferP., supra 429. A former foster parent was found to have standing to request visitation rights under C.G.S. § 46b-59.
The fourth and most recent case was decided in 1995.Weidenbacher v. Duclos, 234 Conn. 51, granted standing to the petitioner, who claimed to be the biological father of a minor child born to the mother while she was married to another. The plaintiff was living with the mother at the time the child was conceived. The mother married another shortly before the child was born. The petitioner and the mother, despite her marriage to another, maintained a significant relationship for several years after the child's birth. The mother's marriage was later dissolved and she was awarded custody in that dissolution proceeding. The petitioner was not a party in the dissolution case. "We hold that the mere fact that a child was born while the mother was married is not a per se bar that prevents a man other than her husband from establishing standing to bring an action for a writ of habeas corpus for custody of or visitation with a minor child." Weidenbacher v. Duclos, supra, 73-74.
Weidenbacher v. Duclos established a different standing threshold.
 Ordinarily, a person establishes standing merely by alleging that he has been injured or that he possesses `arguably' protected interests. Connecticut Assn. of Boards of Education, Inc. v. Shedd, 197 Conn. 554, 557 n. 1, 499 A.2d 797 (1985). In actions that call into question the paternity of a child born in wedlock, however, this minimal threshold is inappropriate. Such a standard `could become a blanket license for any person to disrupt long-fostered family relationships by claiming to be the parent of a child.' McDaniels v. Carlson, supra, 108 Wash.2d 310. A putative father, therefore, must demonstrate something more before he can acquire standing to rebut the presumption of legitimacy of a child born in wedlock. Weidenbacher v. Duclos, supra, 74. CT Page 5584
 Accordingly, we conclude that a man's mere assertion that he is the biological father, without more, is insufficient to confer standing to challenge the paternity of a child born in wedlock. Rather, we hold that a putative father of such a child must offer proof, at a preliminary evidentiary hearing devoted to standing, that he is entitled to set in motion the judicial machinery to determine whether he is the biological father of the child. This proof may include evidence of any of the factors enumerated in the two approaches discussed above, or of any other factors not so enumerated that are nevertheless relevant to his claim. In deciding whether the putative father has standing, the trial court, on the basis of all the evidence before it, must determine whether the putative father has established that his interests and the best interests of the child outweigh those of the marital family unit. Weidenbacher v. Duclos, supra, 76-77.
Based on a review of the legislative history of C.G.S. §46b-59 as well as the appellate cases that have addressed that statute and related visitation matters, this court concludes that a petitioner claiming visitation under C.G.S. § 46b-59 does not have automatic standing as "any person." In order to have standing, the petitioner must establish that (1) he has an interest in maintaining visitation with the minor child; i.e., a specific description of why he is "any person"; and (2) he has a specific definable relationship with the minor child such that it would be appropriate for visitation. Once those two prongs have been established, possibly in a separate evidentiary hearing devoted only to that issue of standing, would the court then consider the issue of whether the visitation as requested by the petitioner would be in the best interests of the minor child.
CONCLUSION OF LAW
The legislative history clearly indicates a broadening of the ability of a third party to obtain visitation. It is no longer limited to the parties to a dissolution, legal separation and annulment action. C.G.S. § 46b-59, originally limited to grandparents filing for visitation, now extends to "any person." This court sees little limitation to the legislative description of "any person." CT Page 5585
The plaintiff has demonstrated that he has had a long standing relationship with the defendant. They lived together. He supported the children financially. He lived with the children for a substantial period of time. He gave the children emotional and financial support. He has visited with the children since the breakup of their relationship, therefore, he has demonstrated sufficient contacts with children so that if he were the putative father under Weidenbacher v. Duclos he would have legal standing.
The court holds that the plaintiff under the facts and circumstances of this case has demonstrated standing. The motion to dismiss filed by this court sua sponte is hereby denied.
TIERNEY, J.