[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant in the above captioned case has filed a Motion to Dismiss the plaintiff's visitation complaint for lack of subject matter jurisdiction. The plaintiff had previously filed a petition for visitation which was dismissed for the reason that the facts alleged in the petition did not state with specificity the factual basis for the petition to warrant the state's intrusion upon the integrity of the family unit. The plaintiff has now filed a second petition seeking visitation.
A motion to dismiss "admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." Duguay v. Hopkins, 191 Conn. 222, 227 [1983]. "The court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light. Savage v. Aronson,214 Conn. 256, 264 (1990).
As stated in the pleadings, the plaintiff and the defendant were in a committed relationship for approximately twelve years and lived together for approximately eleven years in West Haven, Connecticut. Between 1988 and 1990, the parties talked about starting a family. After extensive discussion they decided that CT Page 2877 the plaintiff who was younger would try to become pregnant through alternative insemination. For approximately thirteen months the plaintiff tried to become pregnant. The efforts included extensive tests, procedures, surgery to enhance the insemination process and insemination at the rate of three times a month. All efforts were unsuccessful.
The parties learned that children whose parents were terminally ill, were available for adoption in Texas. The parties decided to pursue the option of adoption. The parties knowing that they could not adopt jointly, decided that the defendant would be the adoptive parent and the plaintiff would be the primary caretaker of the child. The parties traveled to Texas on or about December 1993 and met with the biological parent, explained their relationship and parenting plan. The biological mother approved the adoption by the defendant.
The minor child came to live with the parties in Connecticut during the summer of 1994; The adoption was finalized during the summer of 1995 and the parties lived together as a family unit. The minor child developed a loving and close emotional bond with the plaintiff, considered her as a parent and referred to her as "Mammina."
In the summer of 1994 until November of 1997, the plaintiff was the primary caretaker of the minor child. In November of 1997, due to irreconcilable differences between the parties, the plaintiff moved out of the home. From the summer of 1994 until the present, the plaintiff has contributed to the support of the minor child, including but not limited to day care costs, food, clothing, private lessons, vacations and other recreational activities.
Since the plaintiff moved out of the family home, the minor child has called the plaintiff daily to ensure some contact and has consistently expressed her desire to visit with the plaintiff on a regular basis.
The plaintiff in support of her Petition for visitation argues that her relationship with the legal parent and the minor child constituted a "non-traditional" family unit which has been disrupted thereby warranting the state's intrusion.
The defendant in support of her Motion to Dismiss argues that the plaintiff lacks standing because the threshold requirement of CT Page 2878 sufficient disruption of a "family unit" as outlined in Castagno v. Wholean, 239 Conn. 336 (1996) has not been met.
The defendant argues in part as follows:
 Both the language of Castagno itself, and the rather extensive legislative history quoted by the court, compel the conclusion that the "family unit" which must have already experienced disruption in order to allow a third party visitation complaint, consists of the child and his or her parents, not the grandparent or unrelated third party seeking to initiate the visitation action."
The court is not persuaded by that argument. Castagno at pages 351-352 stated in part as follows:
 In all of those cases, however, there had already been some intrusion by the court or the state into the privacy of the child's family. See generally Michaud v. Warwiek, 209 Conn. 407, 551 A.2d 738 (1988) (biological mother permitted visitation with child following child's adoption); Temple v. Meyer, 208 Conn. 404, 544 A.2d 629
(1988) (former boyfriend who originally brought action seeking custody of former girlfriend's child, mistakenly believed to be his, permitted to amend his claim to one seeking visitation); see also In re Jennifer P., 17 Conn. App. 427, 553 A.2d 196, cert. denied, 211 Conn. 801, 559 A.2d 1136 (1989) (former foster parent permitted to seek visitation).
 We see nothing in the legislative history to suggest that the subsequent amendments were enacted in an effort to depart from the initial legislative intent to confine the application of § 46b-59 to situations in which the family already has been somehow disrupted, warranting the state's intrusion upon the integrity of the family unit, thus confirming our conclusion that § 46b-59 by implication contains such a threshold requirement of disruption.
Our application of the rules of statutory construction and our examination of the legislative record lead us to conclude that the legislature intended § 46b-59
to afford the trial court jurisdiction to entertain a CT Page 2879 petition for visitation only when the minor child's family life has been disrupted in a manner analogous to the situations addressed by §§ 46b-56 and 46b-57. At this time we need not state precisely which circumstances will suffice to invoke the trial court's jurisdiction under § 46b-59. Although the death of a parent or the de facto separation of the parents may allow an action, there may be other times when an action is also warranted, such as when there has been a good faith allegation by a third party of abuse or neglect. (Emphasis provided).
The three cases cited with approval by the Castagno court as providing standing to third parties to seek visitation rights all involved third parties who were not related to the minor child at the time the visitation rights were claimed. In Temple, supra, the party seeking the visitation rights was the exboyfriend of the defendant mother and had previously resided with her. The Temple court at pages 409-410 stated in part as follows:
 We recognize that third party visitation statutes are relatively new and have been the subject of little judicial construction. Our statute leaves great latitude for the exercise of judicial discretion because it does not focus on the legal relationship of the parties involved. Although other jurisdictions have granted visitation to parties who share a blood or legal relationship with the child: . . . our statute is not so limited. (Emphasis provided).
In Michaud the court at page 415 stated in part as follows:
 Traditional models of the nuclear family have come, in recent years, to be replaced by various configurations of parents, stepparents, adoptive parents and grandparents. . . . We are not prepared to assume that the welfare of children is best served by a narrow definition of those whom we commit to continue to manifest their deep concern for a child's growth and development. (Emphasis provided).
Finally, the Castagno court quoted with approval the decision of the Appellate Court in In re Jennifer P., 17 Conn. App. 428
(1989) where the Appellate Court stated in part as follows: CT Page 2880
 This appeal is controlled by Michaud v. Wawruck, 209 Conn. 407, 551 A.2d 738 (1988), and Temple v. Meyer, 208 Conn. 404, 544 A.2d 629 (1988). In Temple, our Supreme Court upheld the right of a third party to seek visitation under § 46b-59. In Michaud, the court reiterated the significance of § 46b-59, as previously set forth in Temple. These cases make it clear that § 46b-59 is an encompassing, not limiting, statute. The statute "`leaves great latitude for the exercise of judicial discretion because it does not focus on the legal relationship of the parties involved. . . .
 Section 46b-59 is a third party visitation statute that can be invoked by persons who do not share a blood or legal relationship with a child. (Emphasis provided).
The concept of "family" is evolving and changing.
In this case the court is faced with a non-traditional family. If the alternative insemination efforts had been successful the plaintiff rather than the defendant would have the legal relationship with the minor child. The parties had a long term relationship and decided to start a family. The plaintiff gave the minor child emotional and financial support for approximately three and one-half years that they all lived together and has maintained contact with and continued financial support for the minor child after the separation in 1977 until the present.
This court concludes that the plaintiff does in fact have standing based on the allegations of the present petition for visitation to claim visitation with the minor child. This court further concludes that up until the time the plaintiff and the defendant separated that they did in fact constitute a family and that their separation has resulted in the minor child's family life being sufficiently disrupted to involve the trial court's jurisdiction under § 46b-59. This court is not expressing at this time any opinion as to whether it is or is not in the best interest of the child to allow the plaintiff to have visitation with the child. The defendant's motion to dismiss is accordingly denied.
Axelrod, J. CT Page 2881