## LISA LASPINA-WILLIAMS v.
## CHERYL LASPINA-WILLIAMS

Superior Court        Judicial District of      File No. FA9904288862S
                      New Haven

Memorandum filed October 19, 1999

*Susan Nugent,* for the plaintiff.

*Lynn Jenkins,* for the defendant.

MCLACHLAN, J. On July 27, 1999, the plaintiff, Lisa Laspina-Williams, filed the present action seeking visitation with the biological daughter of the defendant, Cheryl Laspina-Williams, pursuant to General Statutes § 46b-59. The plaintiff's claims, which are admitted for the purpose of this motion, follow. She and the defendant were in a committed lesbian relationship for approximately ten years. In 1990, the parties jointly purchased the residence where the defendant is currently residing with the minor child. The parties discussed having a child and the plaintiff unsuccessfully attempted to become pregnant through alternative insemination for one and one-half years. The parties then agreed that the defendant would attempt to become pregnant via alternative insemination which was successful and resulted in the child, who is the subject of this action. The plaintiff also claims she accompanied the defendant to all insemination procedures and midwife visits.

The child was born September 9, 1994, and the plaintiff was present at the birth. When the child was approximately eleven months old, the plaintiff quit her full-time employment to care for the child. She and the child developed a close and loving emotional bond. The child referred to the plaintiff as "mommy." Over the course of the child's life, the plaintiff claims to have contributed to the child's financial support including health insurance premiums, clothing, schooling, private lessons, vacations and other recreational activities. In 1997, the plaintiff was appointed coguardian of the minor child by the Madison Probate Court on application of the defendant.

In October, 1998, the parties' personal relationship deteriorated and the plaintiff moved out of the joint residence. For a time, visitation was being worked out between the parties but in March, 1999, the defendant refused to allow the plaintiff to visit with the child. The defendant petitioned the Madison Probate Court to terminate the plaintiff's coguardianship pursuant to General Statutes § 45a-616.

The defendant filed a motion to dismiss the present action on August 23, 1999, on the following two grounds: (1) that this court lacks subject matter jurisdiction because the plaintiff does not meet the threshold requirements of *Castagno* v. *Wholean*, 239 Conn. 336, 684 A.2d 1181 (1996); and (2) the action should be dismissed in accordance with the principles of judicial economy, efficiency, and to give effect to § 45a-616 (d). An affidavit in support of the motion was also filed. The plaintiff timely filed a memorandum in opposition to the motion to dismiss arguing that the breakdown of the parties' relationship creates the threshold requirement of "disruption of the family unit" as required by *Castagno*, and that the removal of the guardianship action pending in the Probate Court is separate and distinct from the present visitation action. The plaintiff also filed an affidavit in support of her opposition to the motion to dismiss.

"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) *Doe* v. *Roe*, 246 Conn. 652, 661, 717 A.2d 706 (1996). " '[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.' *Pamela B.* v. *Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998)." *Lawrence Brunoli, Inc.*

v. *Branford,* 247 Conn. 407, 410–11, 722 A.2d 271 (1999). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) *Barde* v. *Board of Trustees,* 207 Conn. 59, 62, 539 A.2d 1000 (1988).

"Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." (Internal quotation marks omitted.) *Russell* v. *Yale University,* 54 Conn. App. 573, 577, 737 A.2d 941 (1999). " 'Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest . . . in the subject matter of the controversy.' . . . *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 501, 467 A.2d 674 (1983), quoting *Hiland* v. *Ives,* 28 Conn. Sup. 243, 245, 257 A.2d 822 (1966)." *Blakeney* v. *Commissioner of Correction,* 47 Conn. App. 568, 574–75, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998).

The sole issue on appeal in *Castagno* v. *Wholean,* supra, 239 Conn. 337, was "whether, pursuant to . . . § 46b-59,[1] the trial court had subject matter jurisdiction

[1] General Statutes § 46b-59 provides: "The Superior Court may grant the right of visitation with respect to any minor child or children to any person, upon an application of such person. Such order shall be according to the court's best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable, provided the grant of such visitation rights shall not be contingent upon any order of financial support by the court. In making, modifying or terminating such an order, the court shall be guided by the best interest of the child, giving consideration to the wishes of such child if he is of sufficient age and capable of forming an

to entertain a petition by grandparents for visitation rights with their minor grandchildren when the grand-children and their parents were not involved in any case or controversy currently before the court and there was no claim that the family unit was no longer intact." The defendant argues that because the plaintiff has no biological tie to the child, the plaintiff cannot be and never was a parent to the minor child under Connecticut law and thus the plaintiff fails to meet the requirement that the "*parents* were not involved in any case or controversy currently before the court." (Emphasis added.) Id. The defendant further contends that although the parties were accepted by friends and oth-ers to be a family, because Connecticut law would not recognize the parties and the minor child as "family" there can be no claim that the "family unit was no longer intact." Id.

The court finds the foregoing arguments of the defen-dant unpersuasive. Under § 46b-59 "any person" may seek visitation of a minor child as opposed to only persons with a biological tie to the child. Furthermore, our Supreme Court in *Castagno* v. *Wholean,* supra, 239 Conn. 352, concluded "that the legislature intended § 46b-59 to afford the trial court jurisdiction to entertain a petition for visitation only when the minor child's family life has been disrupted in a manner analogous to the situations addressed by [General Statutes] §§ 46b-56 and 46b-57. At this time we need not state precisely which circumstances will suffice to invoke the trial court's jurisdiction under § 46b-59. Although the death of a parent or the de facto separation of the parents

intelligent opinion. Visitation rights granted in accordance with this section shall not be deemed to have created parental rights in the person or persons to whom such visitation rights are granted. The grant of such visitation rights shall not prevent any court of competent jurisdiction from thereafter acting upon the custody of such child, the parental rights with respect to such child or the adoption of such child and any such court may include in its decree an order terminating such visitation rights."

may allow an action, there may be other times when an action is also warranted, such as when there has been a good faith allegation by a third party of abuse or neglect." The Supreme Court did not, however, attempt to set forth with specificity all the triggering events that would justify state intervention.

In dicta, the Supreme Court recognized that "current sociocultural definitions of 'family' are so fluid as to create myriad factual circumstances to which [the] statute . . . may apply . . . ." Id., 352 n.15. The Supreme Court has "also recognized that, for purposes of third party custody and visitation determinations, [t]raditional models of the nuclear family have come, in recent years, to be replaced by various configurations of parents, stepparents, adoptive parents and grandparents, and we should not assume that the welfare of children is best served by a narrow definition of those whom we permit to continue to manifest their deep concern for a child's growth and development. *Michaud* v. *Wawruck*, [209 Conn. 407, 415, 551 A.2d 738 (1998)]." (Internal quotation marks omitted.) *Doe* v. *Doe*, 244 Conn. 403, 442, 710 A.2d 1297 (1998).

Several Superior Court decisions have also recognized other relationships within the context of third party visitation cases. See *Antonucci* v. *Frances-Cameron*, Superior Court, judicial district of New Haven, Docket No. FA9804207S (March 3, 1999) (24 Conn. L. Rptr. 237) *(Axelrod, J.)* (denied defendant's motion to dismiss where one of same sex partners adopted child after alternative insemination failed concluding that plaintiff had standing based on allegations in petition for visitation which presented facts showing that parties were family and breakup of relationship constituted sufficient disruption in family unit); *Matthews* v. *Thomasen*, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. FA9704478796S (August 7, 1997) (20 Conn. L. Rptr. 357) *(Keller, J.)*

(court found unmarried couple to be nontraditional family and that their separation was equivalent of de facto separation and denied father's motion to dismiss maternal aunt and grandmother's petition for visitation with minor child concluding that facts alleged in petition were sufficient to establish that plaintiffs had standing under § 46b-59); *Paraskevas* v. *Tunick*, Superior Court, judicial district of Litchfield, Docket No. FA950072398 (April 23, 1997) (19 Conn. L. Rptr. 39) *(Dranginis, J.)* (The couple cohabited for several years and the defendant conceived a child by artificial insemination. The plaintiff petitioned for visitation of the minor child when the couple separated. The defendant moved to dismiss on several grounds including lack of jurisdiction. The court denied the motion concluding that the separation of a nontraditional family constituted a disruption of the family sufficient to bring the case within the jurisdictional requirements of § 46b-59 and the threshold requirements set forth in *Castagno*).

The court agrees with the reasoning and conclusions of the aforementioned cases and concludes that, based on the allegations of the plaintiff's complaint and the affidavits presented, the plaintiff has standing giving the court subject matter jurisdiction. Section 46b-59 does not define the relationship necessary to give standing. Without addressing or labeling the status of the relationship of the parties, the defendant allowed, even encouraged, the plaintiff to assume a significant role in the life of the child such that she is a party entitled to seek visitation with the child. Accordingly, the defendant's motion to dismiss on this ground is denied.

The defendant next argues that the case should be dismissed because the plaintiff can seek visitation in the Probate Court under § 45a-616. The defendant posits that bringing the action under § 46b-59 flies in the face of the probate statutes and ignores the principles of

judicial economy and efficiency. The defendant relies specifically on subsection (d) of § 45a-616 which provides: "The rights and obligations of the guardian or coguardians shall be those described in subdivisions (5) and (6) of section 45a-604 and shall be shared with the parent or previously appointed guardian of the person of the minor. The rights and obligations of guardianship may be exercised independently by those who have such rights and obligations. In the event of a dispute between guardians or between a coguardian and a parent, the matter may be submitted to the court of probate which appointed the guardian or coguardian." Neither this subsection nor any other section or subsection of the statute exclusively vests in either the Probate or Superior Courts jurisdiction over a petition for visitation. It is somewhat disingenuous for the defendant to urge that visitation be resolved as part of the guardianship she needs to terminate.

The defendant cites *Hubbard* v. *Hubbard,* 13 Conn. Sup. 364, 371 (1945), where the court stated that "[t]he power to appoint a guardian of the person of a minor child is vested in the court of probate . . . ." That case is inapposite to the case before this court, which is one dealing with a petition for visitation and not one dealing with the guardianship of a minor child.

The motion to dismiss is denied.