[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
On July 27, 1999, the plaintiff Lisa Laspina-Williams filed the present action seeking visitation with the biological daughter of the defendant Cheryl Laspina-Williams pursuant to General Statutes § 46b-59. The plaintiffs claims, which are admitted for the purpose of this motion follow: she and the defendant were in a committed lesbian relationship for approximately ten years. In 1990 the parties jointly purchased the residence where the defendant is currently residing with the minor child. The parties discussed having a child and the plaintiff unsuccessfully attempted to become pregnant through alternative insemination for a year and one-half. The parties then agreed that the defendant would attempt to become pregnant via alternative insemination which was successful and resulted in the child subject of this action. The plaintiff also claims she accompanied the defendant to all insemination procedures and midwife visits.
The child was born September 9, 1994, and the plaintiff was present at the birth. When the child was approximately eleven months old, the plaintiff quit her full time employment to care for the minor child. She and the minor child developed a close and loving emotional bond; the minor child referred to the plaintiff as "mommy." Over the course of the child's life, the plaintiff claims to have contributed to the child's financial support including health insurance premiums, clothing, schooling, private lessons, vacations and other recreational activities. In 1997, the plaintiff was appointed co-guardian of the minor child by the Madison Probate Court on application of the defendant.
In October of 1998, the parties' personal relationship deteriorated and the plaintiff moved out of the joint residence. For a time, visitation was being worked out between the parties but in March of 1999, the defendant refused to allow the plaintiff to visit with the child. The defendant petitioned CT Page 13811 Madison Probate Court to terminate the plaintiffs co-guardianship pursuant to General Statutes § 45a-616.
The defendant filed a motion to dismiss the present action on August 23, 1999, on the following two grounds: (1) that this court lacks subject matter jurisdiction because the plaintiff does not meet the threshold requirements of Castagno v. Wholean,239 Conn. 336, 684 A.2d 1181 (1996); and (2) the action should be dismissed in accordance with the principles of judicial economy, efficiency, and to give effect to General Statutes § 45a-616
(d). An affidavit in support of the motion was also filed. The plaintiff timely filed a memorandum in opposition to the motion to dismiss arguing that the breakdown of the parties' relationship creates the threshold requirement of "disruption of the family unit" as required by Castagno, supra, and that the removal of guardianship action pending in the Probate Court is separate and distinct from the present visitation action. The plaintiff also filed an affidavit in support of her opposition to the motion to dismiss.
"Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652, 661, 717 A.2d 706 (1996). "`[I]n ruling upon whether a complaint survives a motion to dismiss a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations construing them in a manner most favorable to the pleader.' Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998)." Brunoli, Inc. v. Town of Branford, 247 Conn. 407,410-11, 722 A.2d 271 (1999). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint" (Citation omitted; internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988).
"Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." Russell v. Yale University,54 Conn. App. 573, 577, ___ A.2d ___ (1999). "Standing is the legal right to set judicial machinery in motion. One cannot CT Page 13812 rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. (Internal quotation marks omitted.) Ardmare Construction Co. v. Freedman,191 Conn. 497, 501, 467 A.2d 674 (1983), quoting Hiland v. Ives,28 Conn. Sup. 243, 245, 257 A.2d 822 (1966)." Blakeney v.Commissioner of Correction, 47 Conn. App. 568, 574-75,706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998).
The sole issue on appeal in Castagno v. Wholean,239 Conn. 336, 337, 684 A.2d 1181 (1996) was "whether, pursuant to General Statutes § 46b-59,[1] the trial court had subject matter jurisdiction to entertain a petition by grandparents for visitation rights with their minor grandchildren when the grandchildren and their parents were not involved in any case or controversy currently before the court and there was no claim that the family unit was no longer intact." The defendant argues that because the plaintiff has no biological tie to the child, the plaintiff can not be and never was a parent to the minor child under Connecticut law and thus the plaintiff fails to meet the requirement that the "parents were involved in any case or controversy currently before the court." (Emphasis added.) Id. The defendant further contends that although the parties were accepted by friends and others to be a family, because Connecticut law would not recognize the parties and the minor child as "family" there can be no claim that the "family unit was no longer intact." Id.
The court finds the above arguments of the defendant unpersuasive. Under General Statutes § 46b-59 "any person" may seek visitation of a minor child as opposed to only persons with a biological tie to the child. Furthermore, the Supreme Court in Castagno v. Wholean, supra, 239 Conn. 352 concluded "that the legislature intended § 46b-59 to afford the trial court jurisdiction to entertain a petition for visitation only when the minor child's family life has been disrupted in a manner analogous to the situations addressed by §§ 46b-56 and 46b-57. At this time we need not state precisely which circumstances will suffice to invoke the trial court's jurisdiction under §46b-59. Although the death of a parent or the de facto separation of the parents may allow an action, there may be other times when an action is also warranted, such as when there has been a good faith allegation by a third party of abuse or neglect." The Supreme Court did not, however, attempt to set forth with CT Page 13813 specificity all the triggering events that would justify state intervention.
In dicta, the Supreme Court recognized that "current sociocultural definitions of "family" are so fluid as to create myriad factual circumstances to which [the] statute . . . may apply[.]" Id., 352 n. 15. The Supreme Court has "also recognized that, for purposes of third party custody and visitation determinations, [t]raditional models of the nuclear family have come, in recent years, to be replaced by various configurations of parents, stepparents, adoptive parents and grandparents, and we should not assume that the welfare of children is best served by a narrow definition of those whom we permit to continue to manifest their deep concern for a child's growth and development.Michaud v. Wawruck, [209 Conn. 407] 415, [551 A.2d 783 (1998)]." (Internal quotation marks omitted.) Doe v. Doe, 244 Conn. 403,442, 710 A.2d 1297 (1998).
Several Superior Court decisions have also recognized other relationships within the context of third party visitation cases. See Antonucci v. Frances-Cameron, Superior Court, judicial district of New Haven, Docket No. 42047 (March 3, 1999, Axelrod,J.) (24 Conn. L. Rptr. 237) (denied defendant's motion to dismiss where one of the same sex partners adopted a child after alternative insemination failed concluding that the plaintiff had standing based on the allegations in the petition for visitation which presented facts showing that the parties were a family and the breakup of the relationship constituted a sufficient disruption in the family unit); Matthews v. Thomasen, Superior Court, judicial district of Hartford/New Britain at New Britain (August 7, 1997, Keller, J.) (20 Conn. L. Rptr 357) (court found the unmarried couple to be a nontraditional family and that their separation was the equivalent of a de facto separation and denied father's motion to dismiss the maternal aunt and grandmother's petition for visitation with the minor child concluding that the facts alleged in the petition were sufficient to establish that the plaintiffs had standing under General Statutes § 46b-59);Paraskevas v. Tunick, Superior Court, judicial district of Litchfield, (April 24, 1997, Dranginis, J.) (19 Conn. L. Rptr 39) (Couple cohabitated for several years and Ms. Tunick conceived a child by artificial insemination. Paraskevas petitioned for visitation of the minor child when the couple separated. Tunick moved to dismiss on several grounds including lack of jurisdiction. The court denied the motion concluding that the separation of a nontraditional family constituted a disruption of CT Page 13814 the family sufficient to bring the case within the jurisdictional requirements of General Statutes § 46b-59 and the threshold requirements set forth in Castagno v. Wholean, supra.).
The court agrees with the reasoning and conclusions of the above cases and concludes that based on the allegations of the plaintiffs complaint and the affidavits presented, the plaintiff has standing giving the court subject matter jurisdiction. General Statutes § 46b-59 does not define the relationship necessary to give standing. Without addressing or labeling the status of the relationship of the parties, the defendant allowed, even encouraged, the plaintiff to assume a significant role in the life of the child such that she is a party entitled to seek visitation with the child. Accordingly, the defendant's motion to dismiss on this ground is denied.
The defendant next argues that the case should be dismissed because the plaintiff can seek visitation in the Probate Court under General Statutes § 45a-616. The defendant posits that bringing the action under General Statutes § 46b-59 flies in the face of the probate statutes and ignores the principles of judicial economy and efficiency. The defendant relies specifically on subsection (d) of General Statutes § 45a-616
which provides: "The rights and obligations of the guardian or coguardians shall be those described in subdivisions (5) and (6) of section 45a-604 and shall be shared with the parent or previously appointed guardian of the person of the minor. The rights and obligations of guardianship may be exercised independently by those who have such rights and obligations. In the event of a dispute between guardians or between a coguardian and a parent, the matter may be submitted to the court of probate which appointed the guardian or coguardian." Neither this section nor any other section of the statute exclusively vests in either the probate or superior courts jurisdiction over a petition for visitation. It is somewhat disingenuous for the defendant to urge that visitation be resolved as part of the guardianship she needs to terminate.
The defendant cites to the case of Hubbard v. Hubbard,13 Conn. Sup. 364, 371, ___ A.2d ___ (1945), where the court stated that "[t]he power to appoint a guardian of the person of a minor child is vested in the probate court[.]" This case is inapposite to the case before this court which is a petition for visitation and not one dealing with guardianship of a minor child. CT Page 13815
The motion to dismiss is denied.
C. Ian McLachlan, J.