[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Joline Breton, filed a petition against the defendant, Colette Stamps, seeking custody and visitation of the minor child, Alma D'Aguilar. The petition alleges that the child resided with the plaintiff from May 1996 until June 1999, except for three months in 1998. On July 24, 2000, the parties agreed that the child deserved an understanding and resolution concerning her relationship with the plaintiff and agreed to contact AMPS, Inc. to inquire about supervised visitation between the plaintiff and the child. CT Page 1621
On August 21, 2000, the parties agreed to refer the matter to family relations for a specific and limited evaluation regarding the plaintiff's access to the minor child. The parties agreed to fully cooperate with family relations concerning any referral of psychological assessments of the parties and the minor child. The agreement provided that the order would be entered on August 28, 2000, unless the defendant revoked the agreement.
The defendant moved to dismiss the case on October 19, 2000, on the ground that the court lacks subject matter jurisdiction to hear the case due to the plaintiff's lack of standing. The defendant filed a memorandum of law in support of the motion to dismiss. The plaintiff filed an objection and a memorandum of law in opposition to the defendant's motion to dismiss on November 17, 2000. On November 20, 2000, the plaintiff orally withdrew the claim for custody and is proceeding only on the claim for visitation. The plaintiff filed three supplemental affidavits in objection to the defendant's motion to dismiss on December 4, 2000. The plaintiff filed an amended affidavit on December 8, 2000. The defendant filed another memorandum of law and an affidavit in support of the motion to dismiss on December 4, 2000.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." Malasky v. Metal ProductsCorp., 44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied,241 Conn. 906, 695 A.2d 539 (1997). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." Id., 452.
"[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v.Slotnik, 244 Conn. 781, 787, 712 A.2d 396 (1998). "Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." (Internal quotation marks omitted.) Russell v. Yale University,54 Conn. App. 573, 577, 737 A.2d 941 (1999). "Standing is the legal right CT Page 1622 to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . ." (Citations omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552-553,698 A.2d 245 (1997).
In the petition, the plaintiff alleges that the minor child has resided with the plaintiff for three years from May 1996 until June 1999, except for three months when the minor child lived with the defendant.[1]
Additional facts were alleged in the supporting affidavits filed by the plaintiff. The plaintiff alleges that she paid for the minor child's ballet lessons, ice skating lessons, part of horseback riding lessons, clothing, vacations, and an outdoor playhouse. (Plaintiff's Affidavit.) The plaintiff also claims that the defendant named her the child's godmother and gave her power of attorney to act in the minor child's best medical interests. (Plaintiff's Affidavit.) Additionally, the plaintiff claims that she provided the minor child with daily outpatient chemotherapy until June 1999 and that she stayed overnight in the hospital with the minor child on three different occasions. (Plaintiff's Affidavit.) The plaintiff attached exhibits to her affidavit including cards from the defendant and minor child. The plaintiff avers that the defendant removed the minor child from the relationship without good cause and contrary to the child's best interests. (Plaintiff's Affidavit.)
The defendant claims that the plaintiff was a babysitter and the defendant paid the plaintiff to babysit the minor child. (Defendant's Affidavit.) The defendant also claims that the minor child has always resided with the defendant. (Defendant's Affidavit.) The defendant claims that the minor child spent several nights with the plaintiff between May 1998 and May 1999 when the defendant was working second shifts. (Defendant's Affidavit.)
General Statutes § 46b-59 provides in pertinent part that "[t]he Superior Court may grant the right of visitation with respect to any minor child or children to any person, upon an application of such person." Section 46b-59 further provides that "the court shall be guided by the best interest of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent opinion." The statute does not contain language imposing any threshold requirements for a third person to file for visitation.
The Connecticut Supreme Court, however, has determined that a plaintiff filing for visitation under General Statutes § 46b-59 must meet certain threshold requirements before the court will hear the case. In CT Page 1623Castagno v. Wholean, 239 Conn. 336, 337-38, 684 A.2d 1181 (1996), the court held "that although § 46b-59 lacks specific language imposing any threshold requirement, established rules of statutory construction, the context of the statute and its legislative history support the incorporation of the requirement that plaintiffs must demonstrate disruption of the family to justify state intervention." The court went on to state that "the legislature intended § 46b-59 to afford the trial court jurisdiction to entertain a petition for visitation only when the minor child's family life has been disrupted in a manner analogous to the situation addressed by §§ 46b-56 and 46b-57. At this time we need not state precisely which circumstances will suffice to invoke the court's jurisdiction tinder § 46b-59. Although the death of a parent or a de facto separation of the parents may allow an action, there may be other times when an action is also warranted, such as when there has been a good faith allegation by a third party of abuse or neglect." Id., 352.
In Temple v. Meyer, 208 Conn. 404, 410, 544 A.2d 629 (1988), the court stated that § 46b-59 "leaves great latitude for the exercise of judicial discretion because it does not focus on the legal relationship of the parties involved. Although other jurisdictions have granted visitation to parties who share a blood or legal relationship with the child . . . our statute is not so limited. The only criterion under § 46b-59 is the best interest of the child." The Supreme Court also recognizes that the definition of a traditional nuclear family is constantly changing. "Traditional models of the nuclear family have come, in recent years, to be replaced by various configurations of parents, stepparents, adoptive parents and grandparents. . . . We are not prepared to assume that the welfare of children is best served by a narrow definition of those whom we permit to continue to manifest their deep concern for a child's growth and development." Michaud v. Wawruck,209 Conn. 407, 415, 551 A.2d 738 (1988).
Several Superior Court decisions have held that a plaintiff who is not related to the minor child has standing under General Statute § 46b-59
when the facts demonstrate a close relationship between the plaintiff and the minor child and a significant disruption of the family unit. SeeLaspina-Williams v. Laspina-Williams, 46 Conn. Sup. 165, 742 A.2d 840
(1999); Antonucci v. Cameron, Superior Court, judicial district of New Haven at New Haven, Docket No. 042047 (March 3, 1999, Axelrod, J.) (24 Conn. L. Rptr. 237); Matthews v. Thomasen, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 478796 (August 7, 1997, Keller, J.) (20 Conn. L. Rptr. 357); Paraskevas v.Tunick, Superior Court, judicial district of Litchfield, Docket No. 072398 (April 23, 1997, Dranginis, J.) (19 Conn. L. Rptr. 39).
In Antonucci v. Frances-Cameron, supra, 24 Conn. L. Rptr. 237, the CT Page 1624 plaintiff was not related to the minor child, but had been the child's primary caretaker from the summer of 1994 until November 1997. The plaintiff, defendant and the minor child lived together as a family unit. Id. The plaintiff "contributed to the support of the minor child, including but not limited to day care costs, food, clothing, private lessons, vacations, and other recreational activities." Id. The court held that the plaintiff did have standing because "up until the time the plaintiff and the defendant separated they did in fact constitute a family and that their separation has resulted in the minor child's family life being sufficiently disrupted to involve the trial court's jurisdiction under § 46b-59." Id., 239.
In the present case the minor child lived with the plaintiff for three years. During that time the plaintiff paid for ballet lessons, horse riding lessons, ice skating lessons, clothing, vacations, and an outdoor playhouse. Additionally, the plaintiff administered the minor child's outpatient chemotherapy and spent three nights with the child in the hospital. The relationship between the plaintiff and the minor child is strong enough that the removal of the child from the plaintiff's care constitutes a significant disruption of a "non-traditional" family unit. The defendant encouraged the relationship between the plaintiff and the minor child by leaving the minor child in the plaintiff's care for an extended period of time. While the defendant claims that the plaintiff was merely a babysitter, the petition and affidavits of the plaintiff allege that the minor child lived with the plaintiff for nearly three years and the plaintiff was the primary caretaker. It is proper for the court to construe the facts most favorably to the plaintiff when ruling on the motion to dismiss, thus the court finds that the facts demonstrate that the minor child's family unit has been sufficiently disrupted to warrant intervention by this court. Therefore, the plaintiff has standing to seek visitation with the minor child and the defendant's motion to dismiss is denied.
Graziani, J.