[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE RULING ON DEFENDANT'S MOTION TO DISMISS
The plaintiff, Patricia Griffin, brings the present action against the defendant Hartford Life and Annuity Insurance Co. ("Hartford") claiming that the defendant wrongfully failed to provide her with the forms necessary to convert a life insurance policy purchased from the Hartford from a group to an individual policy. In its motion to dismiss, the defendant alleges that this action is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1144
(a).
The following allegations are set forth in the plaintiff's complaint. The plaintiff was an employee of the defendant until she voluntarily retired on March 14, 1998. During her employment, the plaintiff subscribed to a contributory group insurance plan offered by the defendant and paid premiums through regular payroll deductions. In accordance with the terms of the group plan, the plaintiff purchased a $40,000 life insurance policy for her husband, Michael D. Griffin. After the plaintiff's retirement, she and her husband attempted to convert the insurance under the group plan to an individual policy pursuant to the terms of the plan. To accomplish the conversion, the plaintiff was required to make a written application by using forms supplied by the defendant. The complaint alleges that the plaintiff made approximately ten telephone calls to the defendant's pension department and to her former department representatives to obtain the forms. The plaintiff was told that the necessary forms would be mailed to her and she did not need to pick up the forms. The defendant never sent the forms to the plaintiff. CT Page 9567
On May 24, 1998, less than seventy-five days after the plaintiff's retirement, her husband died of cardiac arrest. The plaintiff was appointed executrix of her husband's estate. On September 3, 1998, the plaintiff, through her attorney, made a written claim to the defendant for the spousal life insurance in the amount of $40,000. The defendant has failed to pay the amount demanded.
The plaintiff brings this action, as an individual and as executor of Michael Griffin's estate, seeking damages for the injury caused by the defendant's failure to provide the necessary forms for converting the spousal life insurance. The first count of the complaint alleges breach of contract in that the defendant's actions constitute a breach of its agreement to procure coverage for the plaintiff's spouse under the individual life insurance plan. The second count sounds in negligence and alleges that the defendant's failure to provide the plaintiff with the necessary forms for the conversion of her spouse's insurance violated the defendant's duty to the plaintiff to use reasonable care in procuring coverage for the plaintiff and her spouse.
On March 3, 2000, the defendant filed an amended answer that admits that it has made no payment to the plaintiff on her claim and denies that any amount of money is "due" the plaintiff. The defendant's answer also denies the plaintiff's allegations that its conduct was negligent.
The defendant filed the present motion to dismiss on the ground that the court lacks subject matter jurisdiction to adjudicate the plaintiff's claims because her state law causes of action are preempted by § 514 (a) of the Employee Retirement Income Security Act of 1974 (ERISA),29 U.S.C. § 1144 (a). The plaintiff opposes the motion arguing that her state law claims are not preempted by ERISA because her claims seek only to enforce a benefit plan established by the defendant and do not impose any substantive mandates on the plan or the defendant. The plaintiff also objects on the ground that the defendant has failed to provide the court with sufficient evidence to prove that ERISA applies in the present case.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The grounds which may be asserted in [a motion to dismiss] are [inter alia] (1) lack of jurisdiction over the subject matter; [and] (2) lack of jurisdiction over the person . . . ." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143, CT Page 9568 now Practice Book (1999 Rev.) § 10-31. A claim of federal preemption implicates a court's subject matter jurisdiction and may properly be raised by a motion to dismiss. Shea v. First Federal Savings LoanAssn. of New Haven, 184 Conn. 285, 290 (1981). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) Russell v. Yale University,54 Conn. App. 573, 577, 737 A.2d 941 (1999).
"A ruling on a motion to dismiss is neither a ruling on the merits of the action; Amore v. Frankel, 29 Conn. App. 565, 570-71, 616 A.2d 1152
(1992), cert. granted, 225 Conn. 904, 621 A.2d 286 (1993); nor a test of whether the complaint states a cause of action. Pratt v. Old Saybrook,225 Conn. 177, 185, 621 A.2d 1322 (1993); see Practice Book [§ 10-31]. [Rather,] [m]otions to dismiss are granted solely on jurisdictional grounds. Caltabiano v. Phillips, 23 Conn. App. 258, 265, 580 A.2d 67
(1990); see Practice Book [§ 10-31.]" Discover Leasing, Inc. v.Murphy, 33 Conn. App. 303, 306-07, 635 A.2d 843 (1993). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11, 722 A.2d 271 (1999).
The Employee Retirement Income Security Act of 1974, as amended,29 U.S.C. § 1001, et seq. (ERISA) comprehensively regulates "employee benefit plans" as that term is defined in the Act. "ERISA is a comprehensive regulation of employee and welfare and pension benefit plans . . ." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 233, 680 A.2d 127 (1996). ERISA "shall supercede any and all state laws insofar as they may . . . relate to any employee benefit plan . . . ." U.S.C.A. § 1144(a). State claims that burden an ERISA plan are preempted. See Napoletano v. Cigna Healthcare of Connecticut,Inc., supra, 238 Conn. 240. ERISA "is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Burgio Campofelice, Inc. v. New York State Dept. ofLabor, 107 F.3d 1000, 1007 (2d Cir. 1997). Moreover, the basic purpose of ERISA preemption is "to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." (Internal quotation marks omitted.) Id., 1008.
"[T]he question whether a certain state action is preempted by federal law is one of congressional intent. The purpose of Congress is the ultimate touchstone." (Internal quotation marks omitted.) Allis-ChalmersCorp. v. Lueck, 471 U.S. 202, 208, 105 S.Ct. 1904, 85 L.Ed.2d 206
CT Page 9569 (1985). "[The Supreme Court has] observed in the past that the express pre ERISA. The defendant argues that the plaintiff's state law claims implicate the responsibilities and duties attendant to the administration of an ERISA plan. Specifically, the defendant argues that the plaintiff's claim regarding the failure of the defendant to provide her with the necessary conversion forms is a claim that her employee benefit plan was improperly administered. The defendant argues that if a state court were to adjudicate the plaintiff's claims, it would be determining issues that must be exclusively determined under ERISA.
Before a finding is made regarding ERISA preemption, the court must be able to find that the employee benefit plan at issue is in fact a plan that is regulated by ERISA. See Peckham v. Gem State Mutual of Utah,964 F.2d 1043, 1047-48 (10th Cir. 1992). Where there is no "plan" within the meaning of ERISA, there is no right of action under ERISA. TaggartCorp. v. Life Health Benefits Administration, Inc., 617 F.2d 1208, 1211
(5th Cir. 1980), cert. denied, 450 U.S. 1030, 101 S.Ct. 1739,68 L.Ed.2d 225
(1981); see also Hansen v. Continental Ins. Co., 940 F.2d 971, 976
(5th Cir. 1991). ERISA "subjects to federal regulation plans providing employees with fringe benefits. [It] is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans . . . The term `employee benefit plan' is defined as including both pension plans and welfare plans." (Citations omitted.)Shaw v. Delta Airlines, Inc., 463 U.S. 85, 90-91, 103 S.Ct. 2890, 2896,77 L.Ed.2d 490 (1983); see also 29 U.S.C. § 1002 (1). Section 1003 of the Act provides that a plan is not regulated under ERISA unless it is an employee benefit plan established or maintained by an employer or an employee organization or both. 29 U.S.C. § 1003 (a).
The defendant appended to its reply brief, the affidavit of Francis A. Dorion, the plan administrator for the group plan, in support of its claim that plan at issue is an ERISA plan. The affidavit states that the terms of the group plan as described in the plaintiff's complaint are set forth in a document titled "The Hartford Employee Group Benefits — Life Insurance and Income Protection Plan." The affidavit states that the plan was established and maintained by the defendant for its employees and their beneficiaries through the purchase of insurance. The affidavit states that the defendant created and maintains the plan in compliance with the regulatory and reporting requirements of ERISA. Moreover, the plan provides a "Statement of ERISA Rights" that states, "[a]s a participant in [this plan], you are entitled to certain rights and protections under the Employee Retirement Security Act of 1974." For purposes of deciding the motion to dismiss, the defendant has established that the plan in question is an "employee welfare benefit plan" and therefore is regulated under ERISA. CT Page 9570
The next question is whether the plaintiff's state law claims of breach of contract and negligence are preempted. ERISA contains its own civil enforcement scheme, 29 U.S.C. § 1132 (a), and the state laws that have been ruled preempted are those "that provide an alternative cause of action to employees to collect benefits protected by ERISA. (Internal quotation marks omitted.) Fischman v. Blue Cross Blue Shield ofConnecticut, 755 F. Sup. 528, 530 (D. Conn. 1990). In this connection ERISA preempts a plaintiff's common law tort and contract actions. SeePilot Life Ins. Co. v. Dedeaux, supra, 481 U.S. 47; see also Ruble v.UNUM Life Ins. Co. of America, 913 F.2d 295 (6th Cir. 1990) (holding common law right to sue for breach of contract is preempted.). In Pilot, the United States Supreme Court held that causes of action "based on alleged improper processing of a claim for benefits under an employee benefit plan" met the criteria for preemption under § 1144(a). PilotLife Ins. Co. v. Dedeaux, supra, 481 U.S. 48. See also Smith v.Dunham-Bush, Inc., 959 F.2d 6, 8 (2d Cir. 1992) (concluding that employee's common law contract and tort claims against employer, which concerned oral promise to pay pension-related benefits, were preempted by ERISA.) Where tortious conduct complained of relates to the administration of an employee benefit plan, claims for relief based on such conduct are preempted by ERISA. Scott v. Gulf Oil Corp.,754 F.2d 1499, 1504-05 (9th Cir. 1985); Agee v. Armour Foods Co.,672 F. Sup. 1210, 1215 (W.D. Mo. 1986), aff'd, 834 F.2d 144 (8th Cir. 1987).
In the present case, the plaintiff alleges breach of contract and negligence in the defendant's failure to provide the necessary forms to convert the ERISA policy to an individual policy for her husband. The plaintiff argues that her claims are not preempted by ERISA because her claims seek only to enforce a benefit plan established by the defendant and do not impose any substantive mandates on the plan or the employer. The plaintiff relies on Napoletano v. CIGNA Healthcare of Connecticut,Inc., supra 238 Conn. 16, for the proposition that her claims are not preempted by ERISA because they do not affect or prescribe the establishment, administration, regulation or maintenance of an employee benefit plan.
The Connecticut Supreme Court held that the plaintiffs' claims inNapoletano were not preempted by ERISA because their claims did not affect or prescribe the establishment, administration, regulation or maintenance of an employee benefit plan, but instead sought to have the defendant enforce the plan it had chosen to create and administer. Id. at238 Conn. 243-45. In Napoletano, the plaintiffs challenged the insurer's decision to remove certain physicians from a health care network established by CIGNA. Under those circumstances the court held that the plaintiff's claims did not "relate to" employee benefit plans within the CT Page 9571 meaning of ERISA's preemption provision. See Id., 248. The claims raised by the plaintiffs in Napoletano, however, are distinguishable from the present claims. The plaintiffs in Napoletano were not seeking to recover benefits due under a plan, rather, they sought monetary, declaratory and other equitable relief arising from the alleged improper removal of physicians from a health care network administered by the defendant insurer. See Napoletano v. CIGNA Healthcare of Connecticut, Inc., supra,238 Conn. 217. By contrast, in this case the plaintiff is seeking damages arising out of the alleged failure of the defendant to properly process her request for a change of election of her husband's life insurance policy. This claim plainly implicates the administration and processing of an employee benefit plan, and is therefore preempted by ERISA. See PilotLife Ins. Co. v. Dedeaux, supra, 481 U.S. 47. Accordingly, the defendant's motion to dismiss is granted.
SO ORDERED.
ROBERT L. HOLZBERG, J.