[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a memorandum of decision filed December 5, 2000, this court reserved ruling on the motion to dismiss of the defendant, the City of Waterbury, and set forth the following facts, which are reincorporated into this decision. The plaintiff, White Colony Diner, Inc., filed a complaint on May 14, 1999, seeking a declaratory judgment from the court that the plaintiff holds title to a restaurant building located at 625 Chase Avenue in Waterbury, Connecticut, free of the defendant's mortgage on the property. The plaintiff alleges that it is the absolute owner of "a certain diner style restaurant building . . . but not of the land upon which said building is located." (Plaintiff's Complaint, ¶ 1.) On July 24, 1995, the plaintiff sold all of its business assets, including the building, to Andrew J. Candido pursuant to a purchase agreement. The plaintiff conveyed the building to Candido by quitclaim deed. The plaintiff entered into a loan and security agreement with Candido as consideration for the purchase of the building. Pursuant to the loan and security agreement, the plaintiff obtained two promissory notes from Candido and a security interest in all of the assets purchased, including the building. The plaintiff and Candido also signed a financing statement that listed all of the assets pledged by Candido, including the building. The deed, loan and security agreement, and the financing statement were filed on the Waterbury land records. Additionally, the plaintiff filed the financing statement with the Secretary of State of Connecticut.
Subsequently, on September 18, 1995, Candido mortgaged the building to the defendant, the City of Waterbury, to secure a loan. Candido filed bankruptcy on November 5, 1997, and was discharged of all his debts on March 3, 1998. The plaintiff alleges that Candido was in default of payments on promissory notes to the plaintiff in May 1998, and that it repossessed the building pursuant to General Statutes § 42a-9-503.[1]
The plaintiff presently seeks a declaratory judgment that the plaintiff owns the building as personal property free of the defendant's mortgage on the property.
The defendant filed a motion to dismiss on June 25, 1999, claiming that the plaintiff lacks standing and the court lacks subject matter CT Page 1583 jurisdiction. The defendant also claims that the plaintiff has neglected to name all parties with an interest in the subject property, a prerequisite for the court's jurisdiction under Practice Book § 17-55
(4).[2]
On December 5, 2000, this court reserved its ruling on the motion, in order to allow the bankruptcy trustee to determine whether the property belongs to Candido's estate.[3] Subsequently, on September 24, 2001, the plaintiff filed a supplemental memorandum in opposition to the defendant's motion to dismiss and attached a letter from the bankruptcy trustee dated September 12, 2001, addressing the matters that had been previously reserved. Accordingly, the court will now address the merits of the defendant's motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The issue of subject matter jurisdiction can be raised at any time." (Internal quotation marks omitted.) Gagnon v. PlanningCommission, 222 Conn. 294, 297, 608 A.2d 1181 (1992). "Once the question of lack of jurisdiction of a court is raised . . . the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996). The issue of standing implicates the court's subject matter jurisdiction. In re Jonathan M., 255 Conn. 208, 217, 764 A.2d 739
(2001).
"It is a basic principle of our law . . . that the plaintiffs must have standing in order for a court to have jurisdiction to render a declaratory judgment. . . . A party pursuing declaratory relief must . . . demonstrate, as in ordinary actions, a justiciable right in the controversy sought to be resolved, that is, contract, property or personal rights . . . as such will be affected by the [court's] decision . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded. . . ." (Internal quotation marks omitted.) Russell v. Yale University, 54 Conn. App. 573, 576, 737 A.2d 941
(1999).
The defendant argues that the plaintiff lacks standing to commence and CT Page 1584 maintain the action and, therefore, argues that the court lacks subject matter jurisdiction. The defendant contends that the plaintiff failed to name all parties with an interest in the subject property. Specifically, the defendant argues that at the time the plaintiff repossessed the property, the building belonged to the bankruptcy estate and not Candido. "Since the building is property of the bankruptcy estate, the only party which has standing to commence and maintain the action is the trustee and/or the estate." (Defendant's Memorandum, p. 7.)
The plaintiff argues that it has standing to bring this action because the bankruptcy trustee has been made aware of the pending action and has declined to become a necessary party to the action. The plaintiff provided to the court a letter from the bankruptcy trustee, Ronald I. Chorches, in which he states: "[b]ased on the review of the information sent to me as Trustee of the estate, I have concluded that at the time of the bankruptcy petition, Andrew Candido was not the title holder to a restaurant building (improvements only, not including the real property) located at 625 Chase Avenue, Waterbury, Connecticut, which is the subject matter of the case pending before the Waterbury Superior Court. Even if Mr. Candido has been the title holder to the property at the time of the petition the asset would not have had any value to the bankruptcy estate because the liabilities of this asset far exceeded its value." (Plaintiff's Supplemental Memorandum and Attachment.)
As previously discussed, the court reserved ruling on this matter to allow the plaintiff to provide notice to the bankruptcy trustee so he could make a decision as to the disposition of the property at the time Candido filed for bankruptcy. See White Colony Diner v. Waterbury,
Superior Court, judicial district of Waterbury, Docket No. 152919 (December 5, 2000, West, J.) Based on the letter dated September 12, 2001, Chorches determined that the plaintiff's claim did not belong to the bankruptcy estate. Chorches concluded that Candido was not the title holder to the restaurant building at the time he filed for bankruptcy. Further, even if Candido had been the title holder to the property at the time of the petition, Chorches abandoned any claim the bankruptcy estate may have had since the asset would not have had any value to the estate.
The defendant argues that "[s]ince the bankruptcy estate owns the building, it and not the Plaintiff White Colony, Inc., was the proper party to set the `judicial machinery in motion.'" (Defendant's Memorandum, p. 9.) The defendant further contends that "the building is an asset of the bankruptcy estate. There is no indication by Plaintiff that the bankruptcy trustee, or any other party which may have an interest in the building, i.e., the owners of the underlying parcel, the occupant of the building, anyone with an option to lease or purchase, has received notice of this action. Therefore, unless and until this CT Page 1585 jurisdictional defect is cured, the court cannot render a declaratory judgment in this matter." (Defendant's Memorandum, p. 11.)
The court has determined that the restaurant building was not part of the bankruptcy estate either when Candido filed for bankruptcy or when the plaintiff filed its complaint seeking the present declaratory judgment. Both parties agreed that the plaintiff would be required to cure any jurisdictional defect, prior to the court rendering a declaratory judgment, if there were other parties who needed to be given reasonable notice of this action. (Plaintiff's Memorandum, p. 5; Defendant's Supplemental Memorandum, p. 6.) The court finds that any alleged jurisdictional defect was cured when the bankruptcy trustee received notice of this pending action. While the defendant argues that the plaintiff has failed to name all parties with an interest in the property, it has failed to name any other parties with an interest in this building and it has failed to demonstrate that the plaintiff lacks standing to bring this action.[4]
Clearly, the plaintiff is the proper party to request an adjudication of this issue and, therefore, the court does not lack subject matter jurisdiction. Accordingly, the defendant's motion to dismiss is denied.
THOMAS G. WEST, J.