[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT COLONIAL SUPPLY CO., INC.'S MOTION TO DISMISS
By motion, the defendant, Colonial Supply Co., Inc., asks this court to dismiss the action of the plaintiffs, Walter Mowad, Maureen Mowad and Sean Mowad, for the reasons that they lack standing to pursue these claims. It is the defendant's position that without standing of the plaintiffs, this court lacks subject matter jurisdiction over the case, which should therefore be dismissed.
Facts
On April 8, 1997, the plaintiffs Walter and Maureen Mowad filed for bankruptcy under Chapter VII. On August 20, 1997, the Final Decree of Discharge was entered by the Bankruptcy Court, closing the case. A fire destroyed the Mowads' residence at 1014 West Main Street, in Waterbury, Connecticut, on June 16, 1997, while the bankruptcy was pending. This complaint was filed on June 3, 1999, and seeks damages from the defendant for the plaintiff's loss of personal property, as well as for the loss of use of their home. The plaintiffs allege that the defendant, Colonial Supply Co., Inc., negligently sold a drain cleaner to Walter Mowad, which eroded a pipe. The pipe leaked causing an electrical short, and fire which destroyed the residence.
When the plaintiffs, Walter and Maureen Mowad, filed their bankruptcy petition, approximately two months prior to the fire, they submitted a Schedule B of the Bankruptcy Petition,[1] which is a form on which the debtor lists personal property. The plaintiffs listed no items of personal property on their Schedule B, however, except for an automobile. On Schedule C, a form on which claimed exemptions are listed, the only item listed by the plaintiffs, again, was the automobile. Moreover, Schedule B was never amended during the bankruptcy proceeding to reflect a potential claim relating to the fire loss.
The plaintiff, Sean Mowad, who resided on the third floor of the residence at 1014 West Main Street, filed a Chapter VII bankruptcy on July 30, 1998, which was discharged on December 1, 1998. The only entry on Sean Mowad's Schedule B is a Chevrolet, which also is listed on his Schedule C, as an exemption. The potential fire claim was not listed by Sean Mowad as a potential asset.
Discussion
A motion to dismiss is properly used to assert lack of jurisdiction over the subject matter of the action. Practice Book § 10-31(a) (1). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the CT Page 9448 judicial authority shall dismiss the action." Practice Book § 10-33.
"Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." Russell v. Yale University, 54 Conn. App. 573,577, 737 A.2d 941 (1999). "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.' ArdmareConstruction Co. v. Freedman, 191 Conn. 497, 501, 467 A.2d 674 (1983), quoting Hiland v. Ives, 28 Conn. Sup. 243, 245, 257 A.2d 822 (1966)."Blakeney v. Commissioner of Correction, 47 Conn. App. 568, 574-75,706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998).
When an individual files for bankruptcy an estate is created which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541 (a), including all legal causes of actions held by the debtor; see: Seward v. Devine,888 F.2d 957, 963 (2d Cir. 1989), as well as property subsequently acquired by the estate. 11 U.S.C. § 541 (a)(7). In this matter, the fire at issue occurred prior to the filing of the bankruptcy petition by the plaintiff, Sean Mowad. Accordingly, it was a cause of action held by the debtor at the time of the filing of the bankruptcy, and should have been listed on Schedule B of his bankruptcy documents. "Because a debtor in bankruptcy is not the owner of an unscheduled claim that has not been abandoned back to him, he has no standing to assert it; accordingly, no court has jurisdiction to entertain his claim." Dana Investment v.Robinson and Cole, 2001 WL 2834446 (Conn.Super.) (March 8, 2001, Aurigemma, J.). Under these circumstances, Sean Mowad lacks standing to pursue these claims. So too, having failed to list the potential fire claim, Sean Mowad is now precluded from pursuing them under the doctrine of judicial estoppel. Tuttle v. Equifax Check Servs., Inc., 1997 WL 835055, No. 3:96-CV-948, at 3.
Because the fire occurred after the commencement of Walter and Maureen Mowad's bankruptcy petition and this action filed well after their discharge in bankruptcy, the plaintiffs contend this claim was not the property of the estate. "As a general rule, the estate is normally comprised only of property interests belonging to the debtor at the time the petition is filed." L. King, 5 Collier on Bankruptcy, § 541.03 (2002). One exception, however, is that interest in property that the estate acquires after the commencement of the case, becomes property of the bankruptcy estate. 11 U.S.C. § 541 (a)(7). [italics added]
This court has found a split of authority as to whether a cause of action which accrues during the pendency of the bankruptcy is the CT Page 9449 property of the bankruptcy estate. See: e.g. DeLarco v. DeWitt,136 App.Div.2d 406,527 N.Y.S.2d 615 (April 28, 1988) ("Upon the filing of a voluntary bankruptcy petition, all property which a debtor owns or subsequently acquires, including a cause of action, vests in the bankruptcy estate.") and Stanley v. Sherwin-Williams, Co., 156 B.R. 25,26 (W.D. Va. 1993) (cause of action arising during the pendency of a bankruptcy proceeding became property of the estate); but see: In reDomeling, 127 B.R. 954, 955-956 (W.D.Pa. 1991) (personal injury action arising after petition did not become part of the estate). Courts which have determined that causes of action acquired post-petition do not become property of the estate, have looked to whether the debtors acquired the cause of action personally, or whether the action accrued to the estate itself. As the court in In Re Domeling articulated:
 The debtors, Eugene and Regina Doemling, have an identity independent of the bankruptcy estate that was created when the Doemlings filed their petition. The debtors and the estate are not interchangeable. The property at issue is a cause of action stemming from a tort inflicted on the person of Mrs. Doemling. The Doemlings acquired whatever property interest they have in that cause of action in their personal capacities.
 The estate did not acquire this cause of action independent of the Doemlings. Any recovery in this cause of action would be to compensate the Doemlings for injuries to their persons. It would not compensate for any injury to the estate itself. Thus, section 541 (a)(7) is inapplicable because, as the Bankruptcy Court noted, it is limited to property acquired post-petition by the estate as opposed to property acquired by the debtors. Id. (Italics and citations omitted)
The reasoning of the Doemling court is consistent with the analysis of § 541(a)(7) articulated in Collier: "By obvious implication, property acquired post petition by the individual debtor is usually not property of the estate." L. King, 5 Collier on Bankruptcy, § 541.03 (2002).
In this action, the plaintiffs are claiming damages for personal property that they lost in the fire. On Schedule B of their Bankruptcy Petition, however, filed approximately two months prior to the fire, the plaintiffs did not list any items of personal property, other than an automobile. Nor, did the plaintiffs list any personal property as items claimed as exempt under Schedule C, other than the automobile. If the CT Page 9450 property had been listed on Schedule B, it would have been property of the estate at the time of the fire, unless exempted out, U.S.C. § 522, or abandoned by the estate. U.S.C. § 554. As such, the fire would have destroyed the property of the estate, not that of the debtors, and the claim would be owned by the estate.
It is unclear to this court why there are no items of personal property listed on the plaintiff's schedule B. At the commencement of the bankruptcy, a debtor is required to "file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income, and current expenditures, and a statement of the debtor's financial affairs." U.S.C. § 521(1). (Italics added) Prior to a final determination on the defendant's Motion to Dismiss the action of Walter and Maureen Mowad by this court, counsel should address, by brief, the following issues: a) whether or not the plaintiffs' personal property should have been listed on schedule B, and the reasons therefore; b) what personal property of the plaintiffs, Walter and Maureen Mowad, belonged to the estate at the time of the fire; and c) whether the fire claim was property of the bankruptcy estate. The bankruptcy trustee should be allowed to make the determination on the latter two issues. See: White Colony Diner v. Cityof Waterbury, No.: CV99-0152919S, 2002 Ct. Sup. 1581 (Feb. 8, 2002, West, J.).
In accordance with the above, the defendant's Motion to Dismiss the action of Sean Mowad is granted. Counsel must submit the additional requested information no later than September 6, 2002.
WOLVEN, J.